# EXHIBIT 1

## 2017 CV 01425 SOUTHBRIDGE EXECUTIVE PARK CONDOMINIUM -vs- AMERICAN FIRE AND CASUALTY CO RSK

| | | | |
|---|---|---|---|
| Case Type | Civil - Common Pleas | Action: | OTHER CIVIL |
| Case Status: | OPEN | Status Date: | 06/08/2017 |
| File Date: | 06/08/2017 | Case Judge: | KRICHBAUM, R. SCOTT |
| DCM Track: | | Next Event: | 09/07/2017 |

All Information   Party   Event   Docket   Financial   Receipt   Disposition

### Docket Information

| Date | Description | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|---|
| 06/08/2017 | DEPOSIT RECEIVED | DEPOSIT RECEIVED<br>Attorney: WHETSTONE ESQ, STEPHEN G (88666)<br>Receipt: 371784 Date: 06/08/2017 | $60.00 | |
| 06/08/2017 | COMPLAINT FILED | COMPLAINT FILED | $25.00 | Image |
| 06/08/2017 | LEGAL AID (TOSCV) FILED | LEGAL AID (TOSCV) FILED Receipt: 371784 Date: 06/08/2017 | $26.00 | |
| 06/08/2017 | LEGAL NEWS | LEGAL NEWS Receipt: 371784 Date: 06/08/2017 | $13.00 | |
| 06/08/2017 | COURT COMPUTER RESEARCH (CIVIL) | COURT COMPUTER RESEARCH (CIVIL) Receipt: 371784 Date: 06/08/2017 | $6.00 | |
| 06/08/2017 | CLERK COMPUTERIZATION FEE (CIVIL) | CLERK COMPUTERIZATION FEE (CIVIL) Receipt: 371784 Date: 06/08/2017 | $20.00 | |
| 06/08/2017 | CV-COURT MEDIATION PROGRAM | CV-COURT MEDIATION PROGRAM Receipt: 371784 Date: 06/08/2017 | $40.00 | |
| 06/08/2017 | CV-SPECIAL PROJECTS FUND | CV-SPECIAL PROJECTS FUND Receipt: 371784 Date: 06/08/2017 | $50.00 | |
| 06/08/2017 | CV-TECHNOLOGY FUND | CV-TECHNOLOGY FUND Receipt: 371784 Date: 06/08/2017 | $10.00 | |
| 06/13/2017 | SUMMONS, COPY OF COMPLAINT | SUMMONS, COPY OF COMPLAINT MAILED BY CERTIFIED MAIL TO DEFT AT ADDRESS ON COMPLAINT | $2.00 | |
| 06/13/2017 | CERTIFIED MAILER NUMBER P | Issue Date: 06/13/2017<br>Service: CIVIL SUMMONS<br>Method: (CP) CERTIFIED MAIL<br>Cost Per: $0.00<br><br>AMERICAN FIRE AND CASUALTY CO<br>AKA LIBERTY MUTUAL INS CO<br>ANN R. SHILLING-STAT AGT-% CSC-LAWYERS INC SERVICE<br>50 WEST BROAD ST., STE. 1800<br>COLUMBUS, OH 43215<br>Tracking No: 9414726699042096737723 | $7.37 | |
| 06/19/2017 | SUCCESSFUL SERVICE | SUCCESSFUL SERVICE<br>Method : (CP) CERTIFIED MAIL<br>Issued : 06/13/2017<br>Service : CIVIL SUMMONS<br>Served : 06/16/2017<br>Return : 06/19/2017<br>On : AMERICAN FIRE AND CASUALTY CO<br>Signed By : DEANNE SCHAUSELL<br><br>Reason : (CP) SUCCESSFUL<br>Comment :<br><br>Tracking #: 9414726699042096737723 | | |

| Date | Description | Docket Text | Amount Owed | Image Avail. |
|---|---|---|---|---|
| 07/17/2017 | MEMO | ANSWER OF DEFT AMERICAN FIRE AND CASUALTY CO TO PLNTF'S COMPLAINT FILED<br>Attorney: HARTER, WILLIAM M (72874) | | |
| 07/28/2017 | COPY OF HEARING NOTICE SENT BY COURT TO PARTIES BY REGULAR MAIL FILED | COPY OF HEARING NOTICE SENT BY COURT TO PARTIES BY REGULAR MAIL FILED<br><br>CIVIL ASSIGNMENT NOTICE<br>Sent on: 07/28/2017 14:24:29.37 | | |
| 08/04/2017 | NOTICE | NOTICE OF SERVICE OF DISCOVERY FILED BY DEFT<br>Attorney: HARTER, WILLIAM M (72874) | | |



IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

| | |
|---|---|
| SOUTHBRIDGE EXECUTIVE PARK CONDOMINIUM<br>725 Boardman Canfield Rd.<br>Youngstown, Ohio 44512<br>      Plaintiff,<br><br>vs.<br><br>AMERICAN FIRE AND CASUALTY COMPANY AKA LIBERTY MUTUAL INSURANCE COMPANY<br>c/o CSC - Lawyers Incorporating Service<br>Ann R. Shilling, Statutory Agent<br>50 West Broad Street, Suite 1800<br>Columbus, Ohio 43215<br>      Defendant. | CASE NO. 17CV1425<br><br>JUDGE KRICHBAUM<br><br><br>**COMPLAINT WITH JURY DEMAND ENDORSED HEREON** |

## GENERAL ALLEGATIONS

1. Plaintiff Southbridge Executive Park Condominium (hereinafter "Plaintiff") owns the property located at 725 Boardman Canfield Rd., Youngstown, Mahoning County, Ohio 44512 (hereinafter collectively known as the "Property").

2. Defendant American Fire and Casualty Company AKA Liberty Mutual Insurance Company (hereinafter referred to as "Liberty Mutual") insured Plaintiff pursuant to policy no. BKA555096393. The policy covers the commercial property for losses caused by hail and/or wind storm. Despite requests, Defendant has not provided a certified copy of the policy and therefore it cannot be attached.

3. On or around June 11, 2015, the Property suffered damage due to storm-related conditions, including hail and/or wind.



4.   After the loss, Plaintiff submitted a claim to Liberty Mutual.

5.   Plaintiff fulfilled all its duties under the insurance contract.

6.   Liberty Mutual has denied all coverage related to the damages subject of this suit associated with the Property and insurance policy at issue, despite clear photographic evidence to the contrary.

7.   After receiving notice of loss resulting from the June 11, 2015 claim by Plaintiff, Liberty Mutual has failed to timely and properly conduct an objective investigation.

## COUNT ONE
### Breach of Contract – Liberty Mutual

8.   Plaintiff restates the above allegations.

9.   Plaintiff had a contract with Liberty Mutual on the day the loss occurred.

10.  At all times, Plaintiff fulfilled its duties under the contract.

11.  Liberty Mutual breached the insurance contract by failing to pay Plaintiff the amount due under the insurance policy.

12.  As a direct and proximate result of Liberty Mutual's breach of the insurance contract, Plaintiff has been denied the policy benefits and coverage due under said insurance contract. As a further direct and proximate result of Liberty Mutual's breach of the insurance contract, Plaintiff has suffered other reasonably contemplated damages.

13.  Plaintiff prays for judgment on this count in an amount <u>in excess of</u> $25,000, the exact amount to be determined by a jury at the trial of this matter, plus attorney fees, interest, penalties and costs as allowed by law.

## COUNT TWO
### Lack of Good Faith – Liberty Mutual

14. Plaintiff restates the above allegations.

15. In adjusting Plaintiff's claim, Liberty Mutual, through its agents, attorneys, adjusters, and investigators, acted unreasonably, without reasonable justification, fraudulently, intentionally, recklessly, and not in good faith by:

   a. Failed to conduct an adequate and complete investigation of the claim as required by *Zoppo v. Homestead Insurance Company* (1994), 71 Ohio St.3d 552;

   b. Liberty Mutual failed to place the interests of Plaintiff before its own, and Liberty Mutual used the advantage of its position to gain a benefit for itself, at Plaintiff's expense;

   c. Hire a non-independent investigator to investigate the claim;

   d. Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due;

   e. Failed to comply with the requirements of OAC 3901-1-54, Unfair Property/ Casualty Claims Settlement Practices;

   f. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim; and

   g. Failed to comply with Liberty Mutual's own claim investigation standards and guidelines.

16. Liberty Mutual, through its agents, attorneys, adjustors, and investigators, acted intentionally, willfully, wantonly, and with actual malice in refusing to pay the Plaintiff's claim and delaying such payments. Among other actions:

   a. Unreasonably concluded that the Property, even though the storm damages located on the roofs were objectively apparent, that no storm damages were present;

  b. Unreasonably concluded that the damages located on the roofing shingles were caused by Plaintiff's actions or lack thereof; and

  c. Unreasonably denied coverage on the Property even though evidence of hail and/or wind damage to parts of the Property were reasonably clear.

17. The actions and omissions of Liberty Mutual demonstrate malice, aggravated or egregious fraud, oppression, or insult and Liberty Mutual, as principal or master of its agents and adjusters, authorized, participated in, and ratified the actions or omissions of its agents and adjusters in this regard.

18. As a direct and proximate result of Liberty Mutual's lack of good faith, Plaintiff suffered emotional distress and anxiety, inconvenience, increased loss of use, and economic harm, and has incurred litigation expenses and attorney's fees.

19. The Plaintiff prays for judgment on this count in an amount <u>in excess of</u> $25,000 in compensatory damages and an amount <u>in excess of</u> $25,000 in property damage, the exact amount to be determined by the trier of fact, plus interest, costs, attorney's fees, and all available punitive damages as allowed by law.

WHEREFORE, Plaintiff Southbridge Executive Park Condominium prays for judgment against American Fire and Casualty Company AKA Liberty Mutual Insurance Company as set forth above, plus interest, costs, attorney's fees, punitive damages, and all available damages allowed by law, and such other relief as the Court, in the exercise of its equitable jurisdiction, deems proper.

Respectfully submitted,

*[signature]*

Stephen G. Whetstone (0088666)
WHETSTONE LEGAL, LLC
Post Office Box 6
2 N. Main St., Unit 2
Thornville, OH 43076
P: 740-785-7730
F: 740-205-8898
steve@whetstonelegal.com
*Trial Attorney for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests, pursuant to Civil Rule 38(B), a trial by jury of the issues of the within lawsuit.

*[signature]*
Stephen G. Whetstone

**INSTRUCTIONS FOR SERVICE**

**TO THE CLERK OF COURTS, YOU ARE INSTRUCTED TO MAKE CERTIFIED MAIL SERVICE OF THIS COMPLAINT ON THE ABOVE-NAMED DEFENDANT.**

*[signature]*
Stephen G. Whetstone

Court of Common Pleas, Mahoning County
120 Market Street
Youngstown, Ohio 44503

# SUMMONS ON COMPLAINT

Rule 4 Ohio Rules of Civil Procedure

------=========*=========------

Case No. 2017 CV 01425

| SOUTHBRIDGE EXECUTIVE PARK CONDOMINIUM 725 BOARDMAN CANFIELD ROAD YOUNGSTOWN, OH 44512 | -vs- | AMERICAN FIRE AND CASUALTY CO AKA LIBERTY MUTUAL INS CO ANN R. SHILLING-STAT AGT-% CSC-LAWYERS INC SERVICE COLUMBUS, OH 43215 |
|---|---|---|

TO: **AMERICAN FIRE AND CASUALTY CO**

**AKA LIBERTY MUTUAL INS CO ANN R. SHILLING-STAT AGT-% CSC-LAWYERS INC SERVICE COLUMBUS, OH 43215**

Defendant

To the above named defendant(s): (See attached complaint for additional parties)

You are hereby summoned that a complaint (a copy of which is hereto attached and made a part hereof) has been filed against you in this court by the plaintiff(s) named herein.

You are required to serve upon the plaintiff('s') attorney, or upon the plaintiff(s) if he/she/they has/have no attorney of record, a copy of your answer to the complaint within 28 days after service of this summons upon you, exclusive of the day of service. Said answer must be filed with this court within three (3) days after service on plaintiff(s) attorney.

The name and address of the plaintiff('s') attorney is as follows:

STEPHEN G WHETSTONE ESQ
P.O. BOX 6
2 N. MAIN STREET, UNIT 2
THORNVILLE OH 43076

If you fail to appear and defend, judgment by default will be taken against you for the relief demanded in the complaint.

ANTHONY VIVO
Mahoning County Clerk of Courts

June 12, 2017

By: N. Dascenzo
Deputy Clerk

Summons issued to additional defendants:



IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

| | |
|---|---|
| Southbridge Executive Park Condominium : | Case No. 17 CV 1425 |
| Plaintiff, : | |
| : | Judge Scott R. Krichbaum |
| v. : | |
| American Fire and Casualty Company : | |
| Defendant. : | |

**ANSWER OF DEFENDANT AMERICAN FIRE AND CASUALTY COMPANY
TO PLAINTIFF'S COMPLAINT**

Now comes Defendant American Fire and Casualty Company ("American Fire"), through counsel, and responds to the allegations of Plaintiff's Complaint as follows:

GENERAL ALLEGATIONS

1. American Fire is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph No. 1 of Plaintiff's Complaint.

2. In response to the allegations contained in the first and second sentences of Paragraph 2 of Plaintiff's Complaint, American Fire states that it issued a policy of insurance, Policy Number: BKA (16) 55 50 96 39 ("the Policy") to Plaintiff Southbridge Executive Park Condominium and that the Policy provides potential coverage during the policy period for losses caused by hail and/or windstorm, subject to the Policy's terms, conditions, exclusions and limitations. Responding further to the allegations contained in the first and second sentences of Paragraph 2 of Plaintiff's Complaint, the Policy speaks for itself and American Fire denies any remaining inconsistent allegations. American Fire denies the allegations contained in the third sentence of Paragraph 2 of Plaintiff's Complaint. Responding further, American Fire is without

1

knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3. American Fire denies the allegations in Paragraph No. 3 of Plaintiff's Complaint.

4. American Fire admits the allegations in Paragraph No. 4 of Plaintiff's Complaint.

5. American Fire denies the allegations in Paragraph No. 5 of Plaintiff's Complaint.

6. In response to the allegations contained in Paragraph 6 of Plaintiff's Complaint, American Fire states that it denied coverage related to the subject loss. Responding further, American Fire states that the denial letter dated December 2, 2015 speaks for itself and American Fire denies any inconsistent and remaining allegations.

7. American Fire denies the allegations in Paragraph No. 7 of Plaintiff's Complaint.

## COUNT ONE
### Breach of Contract – American Fire

8. American Fire incorporates its answers to Paragraph Nos. 1 through 7 as if fully restated herein.

9. In response to the allegations contained in Paragraph 9 of Plaintiff's Complaint, American Fire states that it issued the Policy to Plaintiff and that the Policy was in effect on the date of loss.

10. American Fire denies the allegations in Paragraph No. 10 of Plaintiff's Complaint.

11. American Fire denies the allegations in Paragraph No. 11 of Plaintiff's Complaint.

12. American Fire denies the allegations in Paragraph No. 12 of Plaintiff's Complaint.

13. In response to Paragraph No. 13 of Plaintiff's Complaint, American Fire states that there is no allegation to which a response is required. Responding further, American Fire denies that Plaintiff are entitled to the requested relief and American Fire denies any remaining allegations contained in Paragraph No. 13 of Plaintiff's Complaint.

## COUNT TWO
## Lack of Good Faith – American Fire

14. American Fire incorporates its answers to Paragraph Nos. 1 through 13 as if fully restated herein.

15. American Fire denies the allegations in Paragraph No. 15 of Plaintiff's Complaint, including the allegations contained in subparagraph a. through g. of Paragraph No. 15.

16. American Fire denies the allegations in Paragraph No. 16 of Plaintiff's Complaint, including the allegations contained in subparagraph a. through c. of the Paragraph No. 16.

17. American Fire denies the allegations in Paragraph No. 17 of Plaintiff's Complaint.

18. American Fire denies the allegations in Paragraph No. 18 of Plaintiff's Complaint.

19. In response to Paragraph No. 19 of Plaintiff's Complaint, American Fire states that there is no allegation to which a response is required. Responding further, American Fire denies that Plaintiff are entitled to the requested relief and American Fire denies any remaining allegations contained in Paragraph No. 19 of Plaintiff's Complaint.

20. American Fire denies all remaining allegations contained in Plaintiff's Complaint not expressly admitted or otherwise responded to herein.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or reduced to the extent that Plaintiff failed to mitigate damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff have failed to comply with the terms and conditions precedent to coverage under

the policy of insurance at issue.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the acts or omissions of individuals or entities other than American Fire and over which American Fire had no control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the terms, conditions, exclusions and other provisions of the policy of insurance at issue.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth allegations sufficient to support a claim for punitive damages and/or attorney's fees.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred by the prohibition against excessive fines contained in the Eighth Amendment of the United States Constitution and by the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred or limited by applicable Ohio law, including but not limited to R.C. § 2315.21, *et seq.*

## NINTH AFFIRMATIVE DEFENSE

American Fire acted in good faith and in compliance with applicable law, and at all times, the actions of American Fire were reasonably justified.

## TENTH AFFIRMATIVE DEFENSE

Pending discovery, American Fire reserves the right to file any additional defenses that may become apparent during discovery and/or at trial.

4

WHEREFORE, having fully answered, American Fire respectfully requests that the Court dismiss Plaintiff's Complaint without further cost to American Fire and for any other relief as this Court may deem just and proper.

Respectfully submitted,

/s/ William M. Harter

William M. Harter (0072874)
Katherine M. Klingelhafer (0084901)
FROST BROWN TODD LLC
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
(614) 464-1211 / (Fax) (614) 464-1737
wharter@fbtlaw.com
kklingelhafer@fbtlaw.com
*Attorneys for Defendant American Fire and Casualty Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and accurate copy of the foregoing has been served this 14th day of July 2017, via electronic mail, to:

Stephen G. Whetstone, Esq.
WHETSTONE LEGAL, LLC
Post Office Box 6
2 N. Main Street, Unit 2
Thornville, OH 43076
steve@whetstonelegal.com
*Attorney for Plaintiff*

Katherine M. Klingelhafer (0084901)
FROST BROWN TODD LLC

0000T69.0649351 4844-8752-1610v1

# NOTICE OF ASSIGNMENT
July 28, 2017

WILLIAM M HARTER
10 W BROAD ST STE 2300
COLUMBUS, OH 43215

SOUTHBRIDGE EXECUTIVE PARK CONDOMINIUM
    Plaintiff

-vs-                                                          2017 CV 01425

AMERICAN FIRE AND CASUALTY CO
    Defendant

Please be advised that the above captioned case is scheduled for a HEARING ON STATUS in COURTROOM #3 on Thursday, September 07, 2017 at 9:30 am.

**COURT ADMINISTRATOR**
**MAHONING COUNTY COURTHOUSE**
**YOUNGSTOWN, OH 44503**
**330-740-2158**


cc:    STEPHEN G WHETSTONE ESQ
          KATHERINE M KLINGELHAFER



IN THE COURT OF COMMON PLEAS
MAHONING COUNTY, OHIO

Southbridge Executive Park Condominium :

      Plaintiff, :

v. :

American Fire and Casualty Company :

      Defendant. :

Case No. 17 CV 1425

Judge Scott R. Krichbaum

### NOTICE OF SERVICE OF DISCOVERY

Defendant American Fire and Casualty Company ("American Fire") hereby gives notice to the Court and parties of the service of its First Set of Requests for Admission to Plaintiff Southbridge Executive Park Condominium on August 1, 2017.

Respectfully submitted,

*/s/ Katherine M. Klingelhafer*
William M. Harter (0072874)
Katherine M. Klingelhafer (0084901)
FROST BROWN TODD LLC
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
(614) 464-1211 / (Fax) (614) 464-1737
wharter@fbtlaw.com
kklingelhafer@fbtlaw.com
*Attorneys for Defendant American Fire and Casualty Company aka American Fire Insurance Company*

1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a true and accurate copy of the foregoing has been served this 1st day of August, 2017, via electronic mail, to:

Stephen G. Whetstone, Esq.
WHETSTONE LEGAL, LLC
Post Office Box 6
2 N. Main Street, Unit 2
Thornville, OH 43076
steve@whetstonelegal.com
*Attorney for Plaintiff*

/s/ *Katherine M. Klingelhafer*
Katherine M. Klingelhafer (0084901)
FROST BROWN TODD LLC

0000T69.0649351 4844-8752-1610v1